## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SCOTT PETERS, # M-52851,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 17-cv-529-SMY** |
| | ) | |
| **JOHN BALDWIN,** | ) | |
| **JACQUELINE LASHBROOK,** | ) | |
| **and UNKNOWN PARTY (John/Jane Doe** | ) | |
| **Mailroom Director),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants failed to timely mail his legal documents, which resulted in the dismissal of his civil rights case in the Northern District of Illinois. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1

1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint and the record in his dismissed Northern District case, the Court concludes that this action is subject to summary dismissal pursuant to § 1915A.

## The Complaint

This factual summary is drawn from Plaintiff's statement of claim (Doc. 1, pp. 5-6) and his attached exhibits. (Doc. 1, pp. 8-14). In late 2016, Plaintiff brought a civil rights action in the Northern District of Illinois, Case No. 16-C-50326, *Peters v. Satkiewicz, et al*. On November

16, 2016, the Court dismissed Plaintiff's Complaint in that action and ordered him to submit a complete application for leave to proceed *in forma pauperis* ("IFP") and an amended complaint that stated a claim. (Doc. 1, p. 11). The Court gave Plaintiff a deadline of January 23, 2017 to submit those documents. On February 9, 2017, when the Court did not receive either document from Plaintiff within the specified deadline, the case was dismissed with prejudice for failure to prosecute and noncompliance with a court order. *Id.*

Plaintiff asserts that he in fact prepared the IFP documents and the amended complaint for *Peters v. Satkiewicz* in a timely fashion and had "attempted to file" them on January 19, 2017. (Doc. 1, p. 9). However, Menard officials delayed sending out these documents and other unrelated documents for 2 months (between December 22, 2016, and February 7, 2017). (Doc. 1, pp. 5, 9). They held all documents that Plaintiff had submitted during this period, consolidated them and then mailed them all out on February 7, 2017. (Doc. 1, p. 10).

Plaintiff's motion for leave to proceed IFP and his amended complaint were docketed in Case No. 16-C-50326 (N.D. Ill.) on February 10, 2017, one day after the entry of judgment in that case.[1] (Docs. 10, 11 in Case No. 16-C-50326 (N.D. Ill.)). On March 1, 2017, Plaintiff submitted a motion seeking reconsideration of the dismissal of his case, explaining his attempts to comply with the Order and the delays caused by Menard officials. (Doc. 1, pp. 9-10; filed on March 7, 2017, as Doc. 12 in Case No. 16-C-50326 (N.D. Ill.)). Plaintiff notes that he did not receive the Northern District's Order of dismissal until February 28, 2017. (Doc 1, p. 10). As of the date of the instant Order, the Northern District has not yet issued a ruling on Plaintiff's motion for reconsideration.

---

[1] The Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) to view the docket entries and documents filed of record in *Peters v. Satkiewicz, et al.*, Case No. 16-C-50326 (N.D. Ill.). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

Plaintiff asserts that Menard "employees, the Warden, [and] the Director created negligence, when they failed in the[ir] duty to insure the mail is handled correctly." (Doc. 1, p. 5). These actions violated his right to access the courts. *Id.* In a grievance filed on January 25, 2017, Plaintiff complains that Menard has no procedures to track his legal mail, his money voucher receipts are not being returned to him, and "numerous pieces of deadline mail" are not accounted for. (Doc. 1, pp. 12-13). On February 1, 2017, he filed another grievance over alleged tampering with his legal mail, the failure to return money vouchers, and complaining that he had not received filed documents back from the courts. (Doc. 1, p. 14). Plaintiff has received no response to these grievances. (Doc. 1, p. 8).

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (Doc. 1, p. 7).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to characterize the *pro se* action in a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** First Amendment claim for denial of Plaintiff's right to access the courts, in that Defendants failed to timely mail Plaintiff's court documents, resulting in the dismissal with prejudice of *Peters v. Satkiewicz, et al.*, Case No. 16-C-50326 (N.D. Ill.).

Count 1, and the entire action, shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Dismissal of Count 1 – Denial of Access to the Courts

4

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). Violations of that right may be vindicated in a civil rights action pursuant to 42 U.S.C. § 1983. An inmate has no viable constitutional claim, however, unless he can demonstrate that an underlying nonfrivolous legal claim has been frustrated or impeded. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996); *see also Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Delgado v. Godinez*, No.16-1329, 2017 WL 1512384 (7th Cir. April 27, 2017).

In order to state a claim for denial of access to the courts, a plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim," and must describe that predicate claim "well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 415-16 (citing *Lewis*, 518 U.S. at 353 and n.3). In other words, if the defendants caused the plaintiff to lose the ability to bring a frivolous or meritless underlying claim, the plaintiff has suffered no deprivation at all. *See Lewis*, 518 U.S. at 353 n.3. In pleading an access-to-courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued[.]" *Christopher*, 536 U.S. at 417.

Here, Plaintiff has identified the case which was dismissed after Menard officials failed to mail his IFP motion and amended pleading in a timely manner. Further, he claims that those responsible for mailing out his court documents intentionally held them for up to 2 months before sending them out. An allegation that a defendant acted deliberately or recklessly in causing a prisoner to miss a deadline or otherwise lose the opportunity to pursue his claim in court is sufficient to support a civil rights claim. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004) (discussing *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986)); *Harrell v. Cook*, 169

F.3d 428, 432 (7th Cir. 1999); *see also Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992) (isolated incident of negligence resulting in failure to file complaint did not rise to the level of a constitutional violation). However, the instant Complaint does not describe the nature of the claim(s) that Plaintiff presented in *Peters v. Satkiewicz*, Case No. 16-C-50326 (N.D. Ill.). That information is necessary in order for this Court to determine whether Plaintiff's dismissed case met the "nonfrivolous" test. That said, this Court may examine for itself the Northern District's orders reviewing Plaintiff's claims in Case No. 16-C-50326, as well as the amended complaint that was submitted late due to Menard officials' actions. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (Court documents are public records of which the Court can take judicial notice); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

The Northern District ordered Plaintiff to submit an amended complaint because that court dismissed his original pleading without prejudice for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. 6 in Case No. 16-C-50326, Nov. 22, 2016). Plaintiff brought the suit against the McHenry County sheriff, deputy sheriffs and the County President, claiming that they conspired to frame him for attempted murder. *Id.* The alleged violations of Plaintiff's rights as stated in the original Complaint included:

> '[N]ot using practices designed to minimize risk of an unconstitutional situation by assaulting and attempting to enter/entering plaintiff's residence,' fabricating evidence, withholding exculpatory evidence, and enlisting the state to maliciously prosecute him. Plaintiff alleges no facts in support of these assertions.

(Doc. 6, p. 1 in Case No. 16-C-50326, Nov. 22, 2016) (quoting from Plaintiff's complaint in that action). The Complaint was dismissed because it consisted "largely of legal conclusions and naked assertions" unsupported by factual allegations. *Id.* at p. 3. The Court observed that "plaintiff may conceivably have actionable claim(s)," *Id.* at p 2, but admonished him that claims

for damages based on fabricated evidence, withholding of evidence, or conspiracy would be barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), unless his conviction were to be reversed, expunged, or invalidated. (Doc. 6, p. 3 in Case No. 16-C-50326, Nov. 22, 2016).

Because Plaintiff's original Complaint was dismissed for failure to state a claim, he cannot assert here that he was denied access to the courts based on that original pleading. At this time, the Northern District has not entered any order regarding Plaintiff's motion to reinstate that case on its docket, nor has that court evaluated the merits of the proposed amended complaint. In order to fully consider the merits of the dismissed action, however, the Court shall review Plaintiff's proposed amended complaint.

### A. Summary of Plaintiff's Proposed Amended Complaint in Case No. 16-C-50326

An examination of Plaintiff's proposed amended complaint (Doc. 10 in Case No. 16-C-50326, filed Feb. 10, 2017), reveals that it likewise fails to state a claim upon which relief may be granted. Plaintiff introduces his amended statement of claim by stating that he was subjected to "false arrest and imprisonment, excessive force, deliberate indifference, [and] failure to intervene." (Doc. 10, p. 4 in Case No. 16-C-50326).

According to the proposed amended complaint, on October 16, 2014, sheriff's officers "assaulted Plaintiff's residence based on unreliable hearsay information" from a phone call, without probable cause. *Id.* The officers' "covert assault" where they concealed their vehicles and evaded/disabled Plaintiff's camera systems constituted excessive force. *Id.* Defendants violated the Fourth Amendment by failing to attempt phone contact with the residence, causing a confrontation that could have been avoided had they followed their own policies. Plaintiff also claims that the entry to his house without a warrant or "credible evidence" violated his Fourth

Amendment rights. *Id.* In asserting a claim for failure to train, Plaintiff states that it was "unreasonable to covertly assault, beat, kick under arms and forcibly enter a home[.]" (Doc. 10, p. 5 in Case No. 16-C-50326). Finally, he claims that officers violated Title II of the Americans with Disabilities Act ("ADA"), which "governs the manner in which a qualified individual with a disability is arrested. Plaintiff is handicapped and cannot defend his home, family or self due to these disabilities and was terrified mentally and afraid in this situation [of] a break in." *Id.*

Plaintiff attaches to his proposed amended complaint several pages of transcripts from his criminal trial. Testimony was presented from a deputy, stating that the reason why officers were dispatched to Plaintiff's home was that a call had come in from a third party in Michigan, asking officers to check on a woman at Plaintiff's address because she was afraid her husband was going to kill her. (Doc. 10, pp. 15, 18 in Case No. 16-C-50326). The officer shined a flashlight into the lens of a surveillance camera outside the home as they approached. The officer identified himself as a sheriff's deputy and spoke to Plaintiff through the door, attempting to convince him to open the door. (Doc. 10, pp. 17, 20 in Case No. 16-C-50326). After several minutes passed, Plaintiff told deputies that they could come in to his residence, and when they did, Plaintiff started discharging an assault rifle at them. (Doc. 10, pp. 8, 15 in Case No. 16-C-50326).

Plaintiff is currently incarcerated on an attempted murder conviction. (Doc. 6, p. 3 in Case No. 16-C-50326).

**B. Merits Review of Plaintiff's Proposed Amended Complaint in Case No. 16-C-50326**

In the proposed amended complaint, Plaintiff correctly notes that an excessive force claim may be brought without running afoul of the *Heck* doctrine. (Doc. 10, p. 5 in Case No. 16-C-50326). However, none of the factual allegations in the proposed amended complaint suggest

that Plaintiff was subjected to excessive force. He does not describe any physical force that was used against his person by any of the officers who arrested him, nor does he claim to have suffered any injury. *See, e.g.*, *Wilkins v. Gaddy*, 559 U.S. 34, 37-38, 40 (2010) (to state claim for excessive force, a prisoner must show that an assault occurred, and that "it was carried out 'maliciously and sadistically[;]'" while serious bodily injury is not required, force used in the assault must be more than de minimis) (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Here, the only allegations of "excessive force" contained in the proposed amended complaint are Plaintiff's minimal descriptions of the tactics used to approach and presumably gain entry to Plaintiff's house. He claims that defendants "assaulted Plaintiff's residence," but does not say they assaulted *him*. (Doc. 10, p. 4 in Case No. 16-C-50326). These allegations are insufficient to state a claim for excessive force during an arrest, thus this aspect of the proposed amended complaint would not survive review under § 1915A.

Plaintiff's Fourth Amendment claim consists of his assertions that defendants should have attempted to contact him by telephone, should have obtained a warrant and had no credible evidence to justify their entry to his home. If Plaintiff were to prevail on this claim, it would obviously undermine the integrity of his criminal conviction, because the attempted murder charges were based on Plaintiff's arrest that took place in the context of the alleged Fourth Amendment violations on October 16, 2014. As such, the Fourth Amendment claim runs afoul of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck*, the Supreme Court held that a § 1983 action for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not cognizable until the conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. If the entry to

Plaintiff's home and/or his subsequent arrest were found to have violated the Fourth Amendment, the evidence obtained during that entry would be suspect, and would thus call into question the validity of Plaintiff's conviction. In such a situation, the *Heck* doctrine dictates that the claim for damages must be dismissed, and cannot be maintained until such time as the conviction has been overturned.[2] The fact that Plaintiff is now incarcerated on this conviction indicates that it is still intact. Plaintiff's Fourth Amendment claim in his proposed amended complaint would therefore be subject to dismissal pursuant to § 1915A as well.

Finally, Plaintiff's attempt to assert a claim under the ADA also fails.[3] Plaintiff asserts that the ADA "governs the manner in which a qualified individual with a disability is arrested." (Doc. 10, p. 5 in Case No. 16-C-50326). However, he fails to describe how the sheriff's officers allegedly acted in violation of the ADA with respect to his handicap. The Court accepts as true Plaintiff's assertion that he is a "qualified individual with a disability" under the meaning of the ADA. However, the proposed amended complaint does not include any information regarding Plaintiff's specific disability-related condition(s), nor does it explain what the officers did, or failed to do, that amounted to discrimination against him as a disabled individual, or that denied him the opportunity to participate in services, programs, or activities of the sheriff's department or of McHenry County. *See* 42 U.S.C. § 12132. Plaintiff's only allegation regarding his handicap is that he "cannot defend his home, family, or self" because of his disabilities, and that the events of October 14, 2014, "terrified" him and placed him in fear of a break-in to his home. (Doc. 10, p. 5 in Case No. 16-C-50326). Plaintiff presents no facts to support a claim that the

---

[2] A claim barred by *Heck* should be dismissed without prejudice, so that the plaintiff may re-file it at a later date in the event he succeeds in invalidating the conviction. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011) (discussed in *Gordon v. Miller*, 528 F. App'x 673, 674 (7th Cir. 2013)).

[3] Title II of the ADA prohibits public entities from denying qualified individuals with disabilities the opportunity to participate in the services, programs, or activities of the public entity because of their disabilities, and prohibits discrimination against disabled individuals by a public entity. 42 U.S.C. § 12132.

defendants treated him differently because of his disability, or failed to accommodate his disabling condition(s), in the way they handled their response to the dispatch directing them to Plaintiff's house. For these reasons, the proposed amended complaint fails to state a viable claim under the ADA.

Because the proposed amended complaint states no claim for excessive force, violation of the Fourth Amendment or violation of the ADA, the derivative claims for conspiracy, failure to train, failure to supervise and failure to intervene also fail.

To summarize, both Plaintiff's original complaint and his proposed amended complaint submitted in *Peters v. Satkiewicz, et al*., Case No. 16-C-50326 (N.D. Ill.), fail to state a nonfrivolous claim that arguably could have led to relief if the case had not been dismissed. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). Because the claims Plaintiff put forth in that action fail to survive scrutiny under § 1915A, Plaintiff suffered no detriment when Menard officials caused the case to be dismissed due to their delay in mailing Plaintiff's documents to the Northern District. Where a plaintiff has suffered no actual detriment to his ability to bring a nonfrivolous claim, he cannot maintain a § 1983 action for denial of access to the courts. *See Martin v. Davies*, 917 F.2d 336, 340 (7th Cir. 1990); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987). That is the situation for Plaintiff here. Accordingly, Plaintiff's claim for denial of access to the courts in **Count 1** shall be dismissed without prejudice pursuant to § 1915A, for failure to state a claim upon which relief may be granted.

## Disposition

For the reasons stated above, this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. All pending motions are **DENIED AS MOOT.**

11

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 3, 2017**

        s/STACI M. YANDLE
United States District Judge